**Warren IMBRIANI, Plaintiff,**

v.

**The BOARD OF SUPERVISORS OF the COUNTY OF SULLIVAN, NEW YORK, Defendant.**

No. 83 Civ. 3154.

United States District Court, S.D. New York.

Aug. 25, 1983.

Warren Imbriani, pro se.

William C. Rosen, Sullivan County Atty., Monticello, N.Y., for defendant; Alfred M. Gerstman, Monticello, N.Y., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

This suit, brought originally in the Supreme Court of the State of New York and removed by the defendant to this Court, seeks to overturn, on state and federal law grounds, Local Law No. 6 of 1982 of the County of Sullivan. That law creates a system of weighted voting by Town Supervisors, who constitute the county legislature. Defendant moves to dismiss for failure to state a claim upon which relief can be granted.

The Court grants defendant's motion with respect to plaintiff's federal equal protection claims on the basis of the Court's decision in *Haas v. County of Sullivan,* 567 F.Supp. 200, 205–206 (S.D.N.Y.1983), in which Local Law No. 6 was upheld in the face of allegations that the law failed to conform to the federal constitutional principle of one person one vote.

Nor is there any federal constitutional requirement that the states impose upon local governments the system of checks and balances, including bicameral

legislative government, that characterizes the federal government. *Whalen v. United States,* 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 1436 n. 4, 63 L.Ed.2d 715 (1980). Insofar as plaintiff claims such a federal intrusion is required, the Court dismisses such claims.

Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), this Court may, at its discretion, dismiss without prejudice plaintiff's state law claims. *Id.* at 726, 86 S.Ct. at 1139; *see also Rosado v. Wyman,* 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442 (1970). However, since plaintiff's state law claims present no substantial issue under the laws of New York, and since there can be no claim that plaintiff, who initiated his suit in state court, has attempted to "manufacture" federal jurisdiction, the Court proceeds to the merits.

■ With respect to the state law claims, the complaint states only that the local law "violates the Constitution of the State of New York ... in that it disenfranchises the plaintiff and others residing in the Town of Highland and other smaller Townships." The Court can find no provision of the state constitution that provides the basis for such a claim, and, in the absence of more detailed argument, the courts of New York would not, and hence this Court should not, upset the local law. *See Sinhogar v. Parry,* 53 N.Y.2d 424, 433 n. 5, 425 N.E.2d 826, 829 n. 5, 442 N.Y.S.2d 438, 441 n. 5 (1981).

■ Moreover, even assuming plaintiff's complaint could, as plaintiff argues, plausibly be interpreted to assert that the New York Constitution requires local legislatures to be bicameral, there would be no basis in New York law for upholding such a claim. *See La Guardia v. Smith,* 176 Misc. 482, 27 N.Y.S.2d 321 (Sup.Ct.), *aff'd,* 262 A.D. 708, 27 N.Y.S.2d 992, *appeal denied,* 262 A.D. 726, 28 N.Y.S.2d 705 (1941), *aff'd,* 288 N.Y. 1, 41 N.E.2d 153 (1942).

The motion to dismiss plaintiff's state law claims is therefore granted.

So Ordered.